GUSTAVO A. FREYRE, Plaintiff and Appellee, v. EMMA AND ISABEL BLASINI, Defendants and Appellants.

No. 9531. Argued November 3, 1947.—Decided February 20, 1948.

*M. León Parra* for appellants. *R. Hernández Matos* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Emma and Isabel Blasini, appellants herein, are owners of a property in Ponce devoted to a bakery. In 1942 they leased it to Gustavo A. Freyre, appellee in this case, who devoted it to the same business. Because the only oven available in the premises was in a very poor condition and insufficient for the manufacture of bread and as the floor and walls did not meet the sanitary requirements, in 1943, the appellee, in order to avoid the closing of the premises by the Health Department, with the express consent and intervention of the appellants, who did not wish to spend money therefor, carried out certain construction work in the amount of $1,634, consisting of a concrete floor, a stone oven furnace, plastering of the walls, a new oven and repairs in the old one. At the end of 1944 appellants considered the contract of lease terminated and proceeded to evict the appellee. Upon executing the order of eviction rendered by the court, the

marshal of the Municipal Court of Ponce stated in his return that the defendant therein and appellee herein, claimed as his certain work and improvements which he alleged had been done with his own money and with the consent of the plaintiffs. He specified the work and that, at the request of the appellee, and pursuant to § 18 of the Unlawful Detainer Act, he required the parties to appoint an expert to appraise said work; that plaintiffs refused to do so and the defendant and the marshal each appointed an expert who, by mutual agreement, undertook to fix the just price and value of said property, rendering a sworn written report wherein they appraised said property in $1,634. Notwithstanding the fact that Mr. Freyre required appellants to pay said amount, the latter have refused to do so whereupon he has filed a complaint in the lower court for the restitution thereof substantially alleging the facts stated above.

In their answer the defendants denied the facts alleged by the plaintiff and after a hearing, the court granted the complaint [1] and adjudged the defendants to pay ''jointly'' to the plaintiff the amount of $1,634 plus costs and $150 for attorney's fees. Feeling aggrieved by this judgment they appealed and allege that the lower court committed five errors.

■ The first assignment of error, in brief, attacks the weighing of the evidence, especially the court's finding that the work had been performed by the appellee with the consent of the appellants. We have carefully examined the transcript of the evidence and we are of the opinion that the evidence of the plaintiff, believed by the judge, fully upholds the conclusion reached by the lower court. The evidence was conflicting but this conflict was settled in favor of the appellee and since appellants do not allege that the trial court acted with passion, prejudice or partiality, even though

---

[1] In its statement of the case and opinion the court found that the facts summarized above had been proved.

the evidence was contradictory, in our opinion, no manifest error was committed in its weighing. Under these circumstances we are not inclined to set aside the findings of fact to which the court arrived in settling the conflict in the evidence. *Figueroa* v. *Am. Railroad Co.*, 64 P.R.R. 320; *Félix* v. *San Miguel*, 64 P.R.R. 396; *Miranda* v. *Jarabo*, 64 P.R.R. 855; *Jiménez* v. *District Court*, 65 P.R.R. 35.

██ In their second assignment appellants maintain that the lower court erred in deciding that the construction of the new oven, the concrete floor, the oven furnace and the plastering of the walls, were made with the knowledge of the defendants and that they constitute necessary and indispensable work.

We have already said that the evidence, believed by the court, showed that all the work done by the appellee had been so done with the consent of the appellants. As a matter of law, the lower court decided that "all the construction work carried out by the plaintiff in the leased premises of the bakery, taking into consideration the object to which it was devoted, were of a necessary and indispensable character." And that "the construction of the new oven was made by plaintiff in good faith and consented to by the defendants and that they could only acquire it upon payment of the value of the materials and labor used in its construction." It cited *Peña & Balbás* v. *Toro*, 34 P.R.R. 727; *Ermita de Ntra. Sra., etc.* v. *Collazo*, 41 P.R.R. 594; *Rivera* v. *Santiago*, 56 P.R.R. 361; *Carrasquillo* v. *Ripoll*, 56 P.R.R. 375; *People* v. *Carrasquillo*, 58 P.R.R. 178; *Palermo* v. *District Court*, 58 P.R.R. 191; *Maldonado* v. *Rodríguez*, 58 P.R.R. 778; *Reyes* v. *Vázquez*, 58 P.R.R. 786; *Piñero* v. *Encarnación*, 59 P.R.R. 883; *Aybar* v. *Jiménez*, 60 P.R.R. 729. The fact that the lower court invoked and applied these cases and not *Santos* v. *Torres*, 66 P.R.R. 421, is assigned by appellants as its fifth error.

Appellants argue that the construction work performed by the appellee was not "necessary and indispensable" as stated by the lower court but that it was "useful"; and that § 1463 of the Civil Code providing that "A lessee shall have, with regard to the useful and voluntary improvements, the same rights which are granted a usufructuary" is applicable and that since § 416 of the same Code provides that "The usufructuary may make, on the property given in usufruct, whatever improvements he deems proper, either for a useful purpose or for pleasure, provided he does not change its form or substance; but he shall have no right to be indemnified therefor. He may, however, remove the said improvement, if it be possible to do so without damage to the property", the court erred in adjudging them to reimburse appellee.

We do not agree with appellants. The construction work performed by the appellee in the leased premises was of a necessary and indispensable character for the purpose to which it was dedicated: a bakery. They were made not only with the knowledge and consent of the appellants, but some of them were made in order to avoid the closing of the premises by the Health Department. The making of the new oven constitutes a construction made in good faith and the owner of the land in order to appropriate it as his own, should refund the value of the materials and labor inasmuch as the owner of the materials has the right to remove them only in case he can do so without injuring the work constructed or when by so doing the construction or works are not destroyed, pursuant to § 296 of the Civil Code (1930 ed.).

Section 382 of that same code, provides that: "Necessary expenses are refunded to every possessor; but only the possessor in good faith may retain a thing until such expenses are made good to him. Useful expenses are refunded to the possessor in good faith with the same right of retention, it being at the option of the party who has defeated him in his possession to refund the amount of the expenses or to

pay the increase in the value of the thing in consequence of such expenses.''

Commenting on § 453 of the Spanish Civil Code equivalent to our § 382, Manresa says:

''Necessary expenses.—Pursuant to § 453 the necessary expenses are refunded to every possessor. And if this were not sufficient, it is repeated in § 455 when referring to the possessor in bad faith. The only difference consists in the right of retention, which we shall consider in another paragraph, which is granted only to the possessor in good faith. It is only fair that if the thing subsists or has not been damaged thanks to the expenses and care of the possessor, and if because of them it goes back to the possession of the owner, the latter should pay those expenses whether made in good or bad faith. It is not conceivable that the owner would not have made them.

''It matters little whether the result of those expenses has disappeared at the time the owner recovers possession of the thing. *The necessary expenses are not improvements, and they do not follow the rules governing the latter.* Once the expenses are justified, they should be wholly refunded without taking into account the value of the necessary work at the time of its delivery. And no matter what they are worth or whether or not they exist, the law speaks of refunding the expenses in said sections; and § 453 which refers to useful improvements and § 455 which relates to those purely for luxury, deal with the actual value of the improvements. This clearly proves the intention that the amount spent is what should be paid; and such a solution is in fact the most reasonable. The parties, by mutual agreement, by themselves, or through experts, and, ultimately, the courts shall decide the amount of the expenses.'' (Italics ours.) *Comentarios al Código Civil Español,* vol. 4 (5th ed. 1931) page 255.

And Scaevola, commenting that same Section, says:

''And exactly the same thing is in point with respect to expenses incurred, for example, in the changes of façades ordered by the administrative authority, as well as in the introduction of certain reforms provided with a compulsory character by municipal ordinances, etc. In all these cases the improvements made have not depended on the will of the possessor, but on some statutory provision or mandate of an authority in the exercise of its attributes;

and on the other hand they would have been necessarily made even if the thing had been possessed by the legitimate owner." *Comentarios al Código Civil Español,* vol. 8 (1893), page 409.

But all the arguments presented by appellants as to whether the improvements made by appellee were necessary and indispensable or whether they are useful and voluntary, take root from their theory that they did not give their consent to the works constructed. Since the evidence showed that they not only gave their consent but that they visited and examined the work, either personally or represented by the husband of one of them, we do not believe that they are entitled to find support on a technicality in order to avoid the payment of that with which they enriched themselves. The evidence showed that they sold parts of the oven that had been repaired by appellee for $500 and that they destroyed the new oven and disposed of the material. As Manresa says, the necessary expenses are not improvements and once they are justified they should be wholly refunded without taking into account the value of the necessary work at the time of its delivery and no matter what they are worth more or less, or whether or not they exist, the law speaks of refunding the expenses.

Even if appellants had not given their consent, to deny appellee of his right to recover the expenses made by him, would be to acknowledge in appellants the right to unjustly enrich themselves at the expense of the former. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other."—Restatement Restitution, Section I. In *Compañía Popular* v. *District Court,* 63 P.R.R. 116, 122, speaking of the doctrine of unjust enrichment, we cited Valverde—Volume 3 Treatise of Spanish Civil Law, page 642—where he says that ". . [it] is susceptible of application in a number of cases which can not possibly be foreseen, for not only is it applicable to cases of payment under mistake, but also, for example, *to certain accessions*

*or additions to the property . . . .* " (Italics ours.) And we held that "the legal principle of unjust enrichment is a superior rule of equity which is applicable where there is involved unjust enrichment. This doctrine is not based on the existence of a contract. If it were, there would be no need to resort to it, since the parties would be bound by the contract, which is the law between the contracting parties."

The lower court did not err in applying these principles nor in applying the aforesaid cases inasmuch as with respect to the new oven constructed, in order to appropriate as his own the work done in good faith and with the knowledge and consent of the appellants, the latter had to reimburse to appellee the expenses which he incurred, all this pursuant to § 297 of the Civil Code read together with § 382 of the same Code.

■■ Appellants contend in their fourth assignment that the lower court erred in deciding that the existence and cost of the work, worth $1,634, when they were merely proved by oral evidence and they rely on § 1232 of the Civil Code.[2] and on *Rivera* v. *García*, 42 P.R.R. 200 and *Santiago* v. *Cuevas*, 41 P.R.R. 115.

These cases operate against appellants' contention for we held therein that § 1232 does not preclude oral evidence where the parties to the contract are the ones concerned and the position of appellants is that they never gave their consent to the appellee to perform the work and therefore that no contract either express or implied ever existed between them. However, although the lower court held that they had given their consent to the work, it did not base its decision on the existence of a contract between the parties, but on the right given by our Code to the possessor in good faith to be reimbursed for the necessary expenses as well as for

---

[2] Section 1232 provides in its pertinent part, that:

"All other contracts, in which the amount of the consideration of one or both of the two contracting parties exceeds three hundred dollars."

the cost of the materials and labor of any work which remained to the benefit of the appellants by accession.

The judgment is affirmed.